**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPHINE GABAT and PETER GABAT, Husband and Wife,<br><br>Plaintiffs<br><br>vs.<br><br>JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS, SIMON PROPERTY GROUP, INC., CPG TINTON FALLS URBAN RENEWAL, LLC, and JOHN DOE, a fictitious name,<br><br>Defendants. | Civil Action No. 24-CV-<br><br>**COMPLAINT and JURY DEMAND** |

Plaintiffs, **JOSEPHINE GABAT** and **PETER GABAT**, Husband and Wife, by way of this Complaint, allege the following:

## I. PARTIES

1. Plaintiff, **JOSEPHINE GABAT**, is an adult citizen of the United States, and resides at 907 Red Maple Lane, City of Easton, Northampton County, Commonwealth of Pennsylvania.

2. Plaintiff, **PETER GABAT**, is an adult citizen of the United States, and resides at 907 Red Maple Lane, City of Easton, Northampton County, Commonwealth of Pennsylvania.

3. Defendant, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS**, is a for-profit limited liability company, with its principal place of business at 105 Eisenhower Parkway, Roseland, Essex County, New Jersey, and was at all times relevant herein the owner, the operator, the lessor, the lessee, the responsible party and/or in control of the real property and improvements known as the Jersey Shore Premium Outlets, located at 1 Premium Outlets Boulevard, Tinton Falls, New Jersey.

4. Defendant, **SIMON PROPERTY GROUP INC.**, is a for-profit corporation, with its principal place of business at 225 West Washington Street, Indianapolis, Marion County, Indiana, and was at all times relevant herein the owner, the operator, the lessor, the lessee, the responsible party and/or in control of the real property and improvements known as the Jersey Shore Premium Outlets, located at 1 Premium Outlets Boulevard, Tinton Falls, New Jersey.

5. Defendant, **CPG TINTON FALLS URBAN RENEWAL, LLC**, is a for-profit limited liability company, with its principal place of business at 105 Eisenhower Parkway, Roseland, Essex County, New Jersey, and was at all times relevant herein the owner, the operator, the lessor, the lessee, the responsible party and/or in control of the real property and improvements known as the Jersey Shore Premium Outlets, located at 1 Premium Outlets Boulevard, Tinton Falls, Monmouth County, New Jersey.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court is conferred by 28 U.S.C. §1332(a) by virtue of the Parties' diversity of citizenship and the amount in controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

## III. FACTUAL ALLEGATIONS

8. At all times relevant herein, Defendants were the owners, joint owners, operators, lessors, lessees and/or were in exclusive control, of the real property and improvements thereon located at 1 Premium Outlets Boulevard, Tinton Falls, Monmouth County, New Jersey ("subject property") and it was the duty of said Defendants to keep and to maintain the subject property in a reasonably-safe condition for lawful invitees including customers such as Plaintiffs.

9. On or about August 21, 2022, Plaintiffs arrived at the Jersey Shore Premium Outlets with the intention of shopping at the various retail stores.

10. At all times relevant herein, Defendants allowed the subject property to exist in a dangerous and a defective condition, *to wit*, by allowing the sidewalks located in front of and around the Guess Factory Store to remain in a cracked, raised, uneven, dilapidated and otherwise unsafe condition as the sidewalk was dangerously and defectively designed, constructed, installed, maintained, repaired and/or replaced, and

which was not posted with a warning sign and the Defendants allowed said dangerous and defective condition to exist when aforesaid Defendants knew, or should have known, of said dangerous and defective condition, thereby rendering the subject premises dangerous to anyone using it, including Plaintiff, **JOSEPHINE GABAT**.

11. Said dangerous and defective condition of the subject property was the result of the negligence of Defendants by, *inter alia*, all of the following:

a) Failing to design, to construct, to install, to maintain, to repair and/or to replace properly the sidewalk and the property contiguous thereto, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee;

b) Failing to take the necessary measures to correct the dangerous and defective condition of the sidewalk by failing to repair and/or replace the sidewalk and the property contiguous thereto, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee;

c) Failing to properly inspect the subject sidewalk to detect the existence of the dangerous and defective condition of the subject sidewalk and the property contiguous thereto which is improperly designed, constructed, installed, maintained, repaired and/or replaced, thus presenting a risk of serious injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee;

d) Failing to warn invitees of the existence of the dangerous and defective condition of the subject sidewalk and the property contiguous thereto, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee;

e) Allowing a dangerous and defective condition of the sidewalk and the property contiguous thereto to exist and permitting said dangerous and defective condition to remain at the subject property, when Defendants knew, or should have known, that the condition of the subject property was creating a dangerous and defective condition, thus presenting a risk of serious physical injury to the public, and specifically Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee;

f) Allowing a dangerous and defective condition of the subject sidewalk and the property contiguous thereto to exist and permitting said dangerous and defective condition to remain at the subject property when Defendants knew, or should have known that the sidewalk was not properly maintained, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff as a lawful invitee;

g) Failing to design properly the subject sidewalk and the property contiguous thereto, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee; and

h) Allowing invitees to occupy the subject property with the dangerous and defective condition of the subject sidewalk and the property contiguous thereto, when Defendant knew, or should have known that the subject property was dangerous and defective, thus presenting a risk of serious physical injury to the public, and specifically to Plaintiff, **JOSEPHINE GABAT**, as a lawful invitee.

12. At all times herein mentioned, Plaintiffs aver Defendants were under a legal duty to maintain all of the subject property, including the sidewalk and the property contiguous thereto, in a safe condition and that Defendants failed to provide for the safe occupancy of the subject property by allowing the subject property, sidewalk and the entire premises, to exist in a dangerous and defective condition when Defendants knew, or should have known, of said dangerous and defective condition.

13. On August 21, 2022, Plaintiff, **JOSEPHINE GABAT**, was a lawful invitee of the Jersey Shore Premium Outlets. As she was walking toward the location of the Guess Factory Store, she tripped over the defective and dangerous condition of the sidewalk and rolled her left ankle, which caused her to suffer serious bodily injuries as more specifically set forth below.

14. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, suffered severe bodily injuries including, but not limited to: an avulsion fracture of the fifth metatarsal base, swelling in her foot and ankle, abrasions, post-traumatic stress disorder, depression, fear, anxiety and/or other mental and psychic injuries, as a result of which she was rendered sick, sore and disabled, all of which have been to her great financial loss.

15. Plaintiff, **JOSEPHINE GABAT**, suffered her injuries as a direct result of Defendants' acts and/or omissions as stated herein.

16. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has suffered in the form of loss of sensory function, loss of motor functions, limitations on range of motion, instability on her feet and unsteady gait up to the date of the filing of this Complaint, all of which has been to her great financial loss.

17. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will continue to suffer in the future, in the form of loss of sensory function, loss of motor functions, limitations on range of motion, instability on her feet and unsteady gait, all of which will be to her great financial loss.

18. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has suffered in the form of cosmetic damages from scarring and/or misalignment of bones up to the date of the filing of this Complaint, all of which has been to her great financial loss.

19. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSPEHINE GABAT,** will continue to suffer in the future in the form of cosmetic damages from scarring and/or misalignment of bones, all of which will be to her great financial loss.

20. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has suffered great physical pain, discomfort and mental anguish up to the date of the filing of this Complaint, all of which has been to her great financial loss.

21. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will continue to suffer great physical pain, discomfort and mental anguish into the future, all of which will be to her great financial loss.

22. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has been compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore her health up to the date of the filing of this Complaint, all of which has been to her great financial loss.

23. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff will be compelled to expend large sums of money for medication, medical assistance, and other necessary treatments and devices in an effort to restore her health, all of which will be to her great financial loss.

24. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has suffered a loss of earning power and capacity up to the date of the filing of this Complaint, all of which has been to her great financial loss.

25. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will suffer a loss of earning power and capacity, all of which will be to her great financial loss.

26. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has not been able to pursue and to enjoy the usual activities of life of an individual of the Plaintiff's age, and has suffered a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures up to the date of the filing of the Complaint, all of which have been to her great financial loss.

27. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will not be able to pursue and to enjoy the usual activities of life of an individual of the Plaintiff's age, and will suffer a loss of enjoyment of life, loss of life expectancy, loss of happiness, and loss of the pleasures of life throughout the remainder of her life, all of which will be to her great financial loss.

28. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, has been unable to pursue her customary social, recreational, vocational and domestic activities in the same manner for extended periods of time from the date of the incident upon which this cause of action is based, to the date of the filing of this Complaint, all of which have been to her great financial loss.

29. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will be unable to pursue her customary social, recreational, vocational and domestic activities in the same manner for extended periods of time into the future, all of which will be to her great financial loss.

30. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **JOSEPHINE GABAT**, will suffer a loss of earning power and capacity in the future, all of which will have been to her great financial loss.

31. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **PETER GABAT**, has been denied the services, fellowship and consortium of his wife, **JOSEPHINE GABAT**, from August 21, 2022, until the present, all of which has been to his great financial loss.

32. As a direct, proximate and legally substantial result of the above-described occurrence, Plaintiff, **PETER GABAT**, will continue to be denied the services, fellowship and consortium of his wife, **JOSEPHINE GABAT**, all of which will be to his great financial loss.

## IV. CLAIMS FOR RELIEF

### COUNT I
### (v. JERSEY SHORE PREMIUM OUTLETS, LLC d/b/a JERSEY SHORE PREMIUM OUTLETS)

33. Plaintiff, **JOSEPHINE GABAT**, incorporates by reference the allegations contained in paragraphs one through thirty-two, inclusive, as though same were set forth herein at length.

34. The aforesaid injuries and damages suffered by Plaintiff more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS.**

35. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **JOSEPHINE GABAT**, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in her favor and against Defendant, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS**, in an amount be proved at trial;

(b) This Court award the Plaintiff's punitive damages for Defendant, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS'S**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award the Plaintiff's reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

## COUNT II
## (v. SIMON PROPERTY GROUP, INC.)

36. Plaintiff, **JOSEPHINE GABAT**, incorporates by reference the allegations contained in paragraphs one through thirty-five, inclusive, as though same were set forth herein at length.

37. The aforesaid injuries and damages suffered by Plaintiff, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **SIMON PROPERTY GROUP, INC.**

38. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **JOSEPHINE GABAT**, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in her favor and against Defendant, **SIMON PROPERTY GROUP, INC.**, in an amount be proved at trial;

(b) This Court award the Plaintiff's punitive damages for Defendant, **SIMON PROPERTY GROUP, INC.'S**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award the Plaintiff's reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**<u>COUNT III</u>**
**(v. CPG TINTON FALLS URBAN RENEWAL, LLC)**

39. Plaintiff, **JOSEPHINE GABAT**, incorporates by reference the allegations contained in paragraphs one through thirty-eight, inclusive, as though same were set forth herein at length.

38. The aforesaid injuries and damages suffered by Plaintiff, more fully set forth herein were directly, proximately and legally substantially caused by the negligence, carelessness, gross negligence, recklessness, and/or willful and knowing acts and/or failures to act of Defendant, **CPG TINTON FALLS URBAN RENEWAL, LLC**.

39. The aforesaid acts of negligence, carelessness, gross negligence, recklessness, willful and knowing acts and/or failures to act by this Defendant created a high degree of risk of harm to Plaintiff, which harm, in fact, did occur as set forth herein.

WHEREFORE, Plaintiff, **JOSEPHINE GABAT**, respectfully requests that:

(a) This Court award the Plaintiff compensatory damages in their favor and against Defendant, **CPG TINTON FALLS URBAN RENEWAL, LLC**, in an amount be proved at trial;

(b) This Court award the Plaintiff's punitive damages for Defendant, **CPG TINTON FALLS URBAN RENEWAL, LLC'S**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award the Plaintiff's reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**COUNT IV**
**(LOSS OF CONSORTIUM)**

40. Plaintiff, **PETER GABAT**, incorporates by reference the allegations contained in paragraphs one through thirty-nine, inclusive, as though same were set forth herein at length.

41. As a direct, proximate and legally substantial result of the aforesaid recklessness, gross negligence, carelessness and/or negligence of Defendants, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS, SIMON PROPERTY GROUP, INC.**, and **CPG TINTON FALLS URBAN RENEWAL, LLC,** the Plaintiff, **PETER GABAT**, has been deprived of his wife's consortium since the date of said injuries, has lost her conjugal fellowship and society, has been deprived of her normal companionship, love, sexual relationship, and of her aid and cooperation in maintaining a normal home life and household, and has further suffered great mental anguish, and will in the future suffer great mental anguish and be so deprived of the above consortium.

WHEREFORE, Plaintiff, **PETER GABAT,** demands judgment against Defendants, **JERSEY SHORE PREMIUM OUTLETS, LLC, d/b/a JERSEY SHORE PREMIUM OUTLETS, SIMON PROPERTY GROUP, INC.,** and **CPG TINTON FALLS URBAN RENEWAL, LLC**, for compensatory damages, together with attorney's fees, interest and costs of suit.

**COUNT V**
**(v. JOHN DOE)**

42. Plaintiffs, **JOSEPHINE GABAT** and **PETER GABAT**, incorporate by reference the allegations contained in paragraphs one through forty-one, inclusive, as though same were set forth herein at length.

43. Plaintiffs hereby plead a Count against Defendant, **JOHN DOE**, a fictitious person, to temporarily suffice for the presently unknown identities of other defendant parties who/which, are deemed to include corporations, partnerships, any other business organizations and/or any and all other individuals who/which may have played any role whatsoever in contributing to the injuries and damages more specifically described herein.

44. At such time as the identities of such fictitiously pleaded defendants are ascertained, Plaintiffs shall seek leave to amend this Complaint so as to substitute the actual names of said parties for the fictitious names set forth herein.

45. Plaintiffs attribute each and every intentional act and/or act of negligence and damages alleged against the named defendants hereto to those who are fictitiously pleased as if they were more specifically set forth in their entirety.

WHEREFORE, Plaintiffs, **JOSEPHINE GABAT** and **PETER GABAT**, respectfully request that:

(a) This Court award the Plaintiffs compensatory damages in their favor and against Defendant, **JOHN DOE**, in an amount be proved at trial;

(b) This Court award the Plaintiffs punitive damages for Defendant, **JOHN DOE's**, gross negligence, recklessness and/or willful and wanton conduct;

(c) This Court award the Plaintiffs' reasonable attorney's fees and costs of suit; and

(d) This Court award such other and further relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs, **JOSEPHINE GABAT** and **PETER GABAT**, hereby demands a trial by jury.

**WILHELM & ROEMERSMA, P.C.**

*Scott M. Wilhelm*
**SCOTT M. WILHELM, ESQ.**
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
wilhelms@wwgrlaw.com
*Counsel for Plaintiff*

*Jennifer L. Toth*
**JENNIFER L. TOTH, ESQ.**
305 Roseberry Street, P.O. Box 800
Phillipsburg, New Jersey 08865
Telephone: (908) 454-3200
Facsimile: (908) 454-3322
jtoth@wwgrlaw.com
*Counsel for Plaintiff*

Dated: August 8, 2024